UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 14-86 |
| JERMAINE REYNOLDS | SECTION: "J"(1) |

**ORDER & REASONS**

Before the Court is a *Motion for Compassionate Release* **(Rec. Doc. 530)** filed by Defendant, Jermaine Reynolds. The Government filed an opposition to Defendant's *Motion for Compassionate Release*. (Rec. Doc. 538). Having considered the motions and memoranda, the record, and the applicable law, the Court finds that the *Motion for Compassionate Release* should be **DENIED**.

**FACTS AND PROCEDURAL BACKGROUND**

On November 14, 2014, Defendant pled guilty to one count of conspiracy to distribute over one kilogram of heroin, in violation of 21 U.S.C. § 846, and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). (Rec. Doc. 115). On November 12, 2015, the Court sentenced Defendant to a term of 120 months imprisonment as to each count to run concurrently to each other. (Rec. Doc. 281). In addition, the Court ordered his term of imprisonment to be served consecutive for 12 months and concurrent for 25 months with the sentence imposed in the Southern District of Mississippi, Criminal Case 1:04cr0037. *Id.* Defendant is

currently being housed at Big Spring FCI with a projected release date of February 1, 2024.

On September 1, 2020, Defendant moved this Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A), relying on the threat posed by the COVID-19 pandemic and his pre-existing hypertension, chronic kidney disease, and obesity. On September 11, 2019, Defendant tested positive for COVID-19 and had recovered as of October 1, 2020. (Rec. Doc. 538-6, at p.6).

## LEGAL STANDARD

"A court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)). To meet the exhaustion requirement, a defendant must submit a request to "the warden of the defendant's facility" for the BOP "to bring a motion [for compassionate release] on the defendant's behalf." § 3582(c)(1)(A). If the request is denied, the defendant must pursue and exhaust "all administrative rights to appeal." *Id.* Alternatively, the requirement is considered satisfied after "30 days from the receipt of such a request by the warden." *Id.*

In addition to finding extraordinary and compelling reasons, the Court must also find that a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The U.S. Sentencing Guidelines provide

2

that a reduction should be granted only if "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2) (p.s.).[1]

If the Court grants a sentence reduction, it may impose a term of supervised release with conditions, including home confinement, "that does not exceed the unserved portion of the original term of imprisonment." § 3582(c)(1)(A).

## DISCUSSION

As an antecedent matter, it is undisputed that Defendant has satisfied the procedural requirements necessary to bring a compassionate release motion on his own behalf. § 3582(c)(1)(A). Because Defendant's motion for compassionate release is properly before the Court, the Court must determine whether Defendant has met his burden of proving he is entitled to a sentence reduction under § 3582(c)(1)(A). *See United States v. Jones,* 836 F.3d 896, 899 (8th Cir. 2016) (the movant bears the burden of proving he is entitled to a sentence reduction).

When deciding whether to grant compassionate release, the Court must first determine whether Defendant has demonstrated "extraordinary and compelling reasons" to justify the reduction of his sentence and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). The Sentencing Commission's policy statement defines "extraordinary and compelling reasons" to include certain specified categories of medical conditions. § 1B1.13, cmt. n.1(A). Specifically, Defendant must be suffering from either a "terminal illness" or a "serious physical or medical condition … that

---

[1] Policy statements are binding in § 3582(c) proceedings. *United States v. Garcia*, 655 F.3d 426, 435 (5th Cir. 2011).

substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

The CDC has published two lists of diseases which cause or may cause increased risk of severe illness from COVID-19 infections. The first list includes diseases that definitely cause an increased risk of severe illness from COVID-19 infections, and the second list includes diseases that might cause an increase risk of severe illness from COVID-19 infections.[2]

The Government concedes that, if an inmate has established that he has a chronic medical condition from which he is not expected to recover and that condition constitutes a CDC risk factor that definitely elevates the inmate's risk of becoming seriously ill from COVID-19, then the inmate has showed that he suffers from a serious medical condition. (Rec. Doc. 538, at p.13). However, the Government explains that these medical conditions would only meet the standard of "extraordinary and compelling circumstances" if the inmate would have a diminished ability to provide self-care to prevent serious injury or death as a result of infection with COVID-19 within the environment of a correctional facility. (*Id.* at p.14).

In the present case, Defendant's medical records show that he suffers from hypertension, chronic kidney disease stage 3, and obesity having a body mass index BMI in excess of 30 (height 5'5"; current weight 225). (Rec. Doc. 538-7). Hypertension is a condition that falls within the CDC's list of factors that "might" increase the risk

---

[2] Center for Disease Control, People with Certain Medical Conditions, (September 11, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

of severe illness. Both chronic kidney disease and morbid obesity are medical conditions identified by the CDC that fall within a category that presents a likelihood of a severe outcome from COVID-19. Thus, according to the Government's concession, Defendant has established that he suffers from serious medical conditions.

However, Defendant has already been infected with and recovered from COVID-19. (Rec. Doc. 538-6, at p.6). Therefore, although Defendant has shown that he suffers from a serious medical condition, Defendant has not shown that the prison is unable to treat him for COVID-19 symptoms. Thus, Defendant has failed to show that his medical conditions make him unable to care for himself or would make him unable to care for himself if infected with COVID-19 within the confines of the prison. *United States v. Eddings*, 2020 WL 2615029 (E.D. Cal. May 22, 2020) (inmate has risk factors, but he has endured COVID-19 for ten days without complications, so there is no extraordinary circumstance); *United States v. Risley, 2020 WL 4748513*, at *6 (E.D. Cal. Aug. 17, 2020) ("Courts generally find that the risk of a second infection does not constitute sufficiently compelling grounds to justify compassionate release.").

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Jermaine Reynolds's *Motion for Compassionate Release* **(Rec. Doc. 530)** is **DENIED**.

**IT IS FURTHER ORDERED** that Jermaine Reynold's *Motion to Appoint Counsel* **(Rec. Doc. 541)** is **DENIED**.

New Orleans, Louisiana, this 22nd day of October, 2020.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE